## MARTIN v. TOWNSEND.

</div>

The statute of 1818, authorising discontinuances as to joint defendants who are returned not found, in certain cases, extends to actions against joint indorsers.

W. TOWNSEND instituted, in Franklin Circuit Court, in 1827, an action of assumpsit against W. B. Martin and P. Martin, to recover of them as joint indorsers on a note for $ 560, under seal, made by one Ladd, in 1822. The indorsement was in these words: "we assign the within note to W. Townsend, for value received, June 2, 1823.— W. B Martin, P. Martin." The writ was executed on P. Martin, and as to W. B. Martin, was returned, "not found." At the return term, the plaintiff declared against P. Martin alone, and discontinued the suit as to W. B. Martin. The defendant, P. Martin, demurred; by the Court the demurrer was overruled, and on a writ of inquiry, the damages were assessed, for which the plaintiff had judgment.

MARTIN assigned for error, that judgment was rendered against him after a discontinuance of the action; he insisted that a discontinuance as to one was a discontinuance as to both, as the statute embraced only bills, bonds, notes, &c. but did not extend to indorsements, which are conditional liabilities only, and of a different nature;[a] that the words of a statute should be construed according to their natural and genuine signification and import;[b] that

<div align="right">

a Laws of Alabama, 448-9.

b 3 Bacon, 380, Wilson's Edit. 15 John. 358. Strange, 258-260. 6 Bac. 392--384.

</div>

JANUARY 1830.

Martin
v.
Townsend.

a 2 Burrows,
674. Minor's
Alab. R. 295–
360. 3 East.
482.

in this case the Maxim *inclusio unius est exclusio alterius"* applies; and that a new remedy should not be extended beyond what is expressed.

Hopkins, for the defendant, contended that every indorsement is a new bill of exchange, and that indorsements were within the equity of the statute, and within its reason and objects, and the evil intended to be remedied. *a*

By JUDGE CRENSHAW. The error insisted on, is, that the discontinuance as to one defendant operated as a discontinuance of the entire action, and that the demurrer should have been sustained. At the common law it would be error to discontinue as to one defendant, in an action brought on a joint contract against the parties bound by the contract. But the common law is materially altered in this respect by the act of 1818. By that act it is in substance declared, that every joint bond, covenant, bill, promissory note or judgment of a court of record, shall be deemed in law to be joint and several, and that when a writ shall issue against two or more of such joint parties, it shall be lawful to discontinue such action against any of the parties on whom the writ has not been served, and proceed to judgment against the others.

The contract declared on, is a promissory note under seal, and technically speaking, is a bill single, and though the liability of the parties arises from their indorsement, yet they are clearly joint promissors, and conditionally liable to pay the debt according to the legal effect of the bill, and will be considered as parties thereto within the meaning of the statute. But a much stronger ground on. which to sustain the judgment of the Circuit Court is, that by virtue of the act of 1812, every indorsement of a promissory note or bill single, creates a bill of exchange, as between the indorser and the indorsee, and that the last indorsers by their indorsement drew a bill of exchange in favor of Townsend, on the makers of the instrument, and the prior indorser, and in contemplation of law, the writ was sued out against them as the joint drawers of a bill of exchange, and that consequently the case comes within the provisions of the act of 1818.

For these reasons, a majority of the Court are of opinion. the judgment should be affirmed.

Judge White, dissenting.